WENY *v.* GRANGER.

PLEADING—AFFIRMATIVE DEFENSES—NOTICE.

> In an action in assumpsit to recover a balance due on book account, where defendant pleaded the general issue without notice of any affirmative defense, evidence of an express contract which would have a tendency to defeat plaintiffs' cause of action was inadmissible under Circuit Court Rule No. 23, § 2, which requires affirmative defenses to be pleaded.

Error to Allegan; Cross (Orien S.), J.   Submitted April 18, 1922.   (Docket No. 68.)   Decided July 20, 1922.

Assumpsit by Charles Weny and Frank Hills, copartners as Weny & Hills, against Ward Granger for goods sold and delivered.   Judgment for defendant. Plaintiffs bring error.   Reversed.

*Charles Thew*, for appellants.

*I. C. Montague*, for appellee.

BIRD, J.   Plaintiffs brought this suit in assumpsit to recover a balance which they claimed was due them on book account and for the value of certain barrels which they had furnished defendant to be returned in like kind, but which he had neglected to do.   It appears that in the year 1919 both of these parties were engaged in manufacturing vinegar in Allegan.   At the latter end of the year they talked the matter over and concluded the field was too small for two to be engaged in that business and plaintiffs bought defendant's manufacturing equipment, and

during the year 1920 furnished defendant with a large amount of vinegar at varying prices. Plaintiffs claim that as a result of these dealings defendant is owing them a balance on book accounts and also a considerable sum for barrels which they filled with vinegar and furnished him, which defendant agreed to return later but has refused and neglected to do so. Defendant denied that he owed plaintiffs anything. In order to defeat plaintiffs' claim he showed that when he sold his equipment to plaintiffs they were to pay therefor in vinegar and that they agreed to sell him 12 car loads of vinegar at 20 cents a gallon and furnish the barrels. These respective contentions were considered by the jury and they decided defendant was not indebted to plaintiffs.

At the outset plaintiffs raise in this court a question of practice, which will require attention. When defendant, on the trial, sought to give evidence of a contract which he claimed was made with the plaintiffs on January 2, 1920, to sell him 12 car loads of vinegar at 20 cents a gallon and furnish the barrels, plaintiffs objected because such evidence was not within the pleadings. We do not understand that there is now any contention that notice of this contract was given under the plea of the general issue. The question was argued out at some length and plaintiffs' objections were overruled and defendant gave evidence of the contract and corroborated it by other witnesses. It was plaintiffs' contention that no such contract was made but if it were it was waived afterward because they charged defendant, through the year, more than 20 cents a gallon and he paid it without protest.

Circuit Court Rule No. 23, § 2, provides:

"An affirmative defense, such as payment, release, satisfaction, discharge, license, fraud, duress, estoppel, statute of frauds, illegality, that an instrument or transaction is either void or voidable in point of law,

want or failure of consideration in whole or in part, and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the plaintiff's declaration, and any ground which, if not raised on the pleadings, would be likely to take the opposite party by surprise, must be plainly set forth in a notice added to the defendant's plea."	*	*	*

We then have a situation where plaintiffs filed a declaration in assumpsit to recover for certain merchandise at stated prices. Defendant then comes in under his plea of the general issue and gives evidence of an express contract under which he claims the merchandise was furnished and which would have a tendency to defeat plaintiffs' cause of action. We think this is an affirmative defense and comes clearly within the foregoing rule. *Detroit River Transit Co.* v. *Aldrich*, 176 Mich. 357.

Many other errors are assigned relating to the conduct of the trial, but we think it is unnecessary to consider them as the case must be reversed upon this ground.

The judgment is reversed, and a new trial granted. Plaintiffs will recover their costs of this court.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.